IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GINNY BEGIN | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | (Jury) |
| | § | |
| ASTRAZENECA, L.P. and | § | |
| ASTRAZENECA PHARMACEUTICALS, | § | |
| L.P. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff GINNY BEGIN brings this lawsuit complaining of ASTRAZENECA, L.P. and ASTRAZENECA PHARMACEUTICALS, L.P. ("Defendants") and would respectfully show the following:

**I.**
**REQUEST FOR DISCLOSURE**

1.    Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Plaintiff requests Defendants disclose the information and material described in Rule 26(a)(1) of the Federal Rules of Civil Procedure.  Plaintiff specifically requests the responding parties to produce responsive documents at the undersigned law offices within fifty (50) days of service of this request.

**II.**
**PARTIES**

2.    Plaintiff, GINNY BEGIN, is a resident of Toledo, Ohio.

3.    Defendant, ASTRAZENECA, L.P., is a foreign corporation organized and existing under the laws of the State of Delaware.  This Defendant is authorized to do business in

Texas and may be served by serving its registered agent for service of process in Texas: CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.

4.      Defendant, ASTRAZENECA PHARMACEUTICALS, L.P., is a foreign corporation organized and existing under the laws of the State of Delaware.  This Defendant is authorized to do business in Texas and may be served by serving its registered agent for service of process in Texas: CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.

## III.
## JURISDICTION

5.      Federal jurisdiction is proper pursuant to 28 U.S.C. § 1332 due to complete diversity of citizenship of the named parties, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.  Defendant has sufficient contacts with Texas pursuant to Texas' Long-Arm Statute, and, therefore, Texas has jurisdiction over Defendants.

## IV.
## VENUE

6.      Venue is proper pursuant to 28 U.S.C. § 1391(a).

## V.
## FACTS

7.      Plaintiff Ginny Begin ("Begin") suffered severe bone deterioration resulting in numerous fractures after taking Nexium, a drug manufactured and marketed by Defendants and known to decrease bone density and cause bone fractures.  Nexium is a prescription-strength proton pump inhibitor ("PPI") used for the treatment of heartburn, acid reflux, ulcers and inflamation of the esophagus, which works by reducing acid in the stomach.

2

Nexium also, however, prevents calcium absorption which causes bone deterioration and eventual fractures.

8.      On March 22, 2011, the FDA issued a safety alert stating use of prescription PPIs, including Nexium, results in an increased risk of fractures.  In May, 2010, the FDA mandated manufacturers of PPIs, including Nexium, begin to include safety information and warnings about the increased risk of osteoporosis and fractures associated with PPIs.

9.      However, as early as 2006, studies found PPIs, by reducing hydrochloric acid in the stomach, interfere with the body's ability to absorb calcium, thus speeding up bone loss and leading to an increased number of fractures.  In total, six studies have found the risk of fracture significantly increased for those patients over fifty (50) years of age who took a prescription-strength PPI, like Nexium, or who took any PPI regularly for more than one (1) year.  ***Specifically, use of PPIs increases the risk of fractures in women up to 34 percent.***

10.     From 2003 until 2011, Begin, a 58 year-old woman, took Nexium every day as directed to treat her acid reflux.  On July 11, 2005, after taking Nexium for two years, Begin was simply walking when a bone in her leg suddenly broke in half.

11.     In June, 2007, after taking Nexium for four years, the same bone in Begin's leg broke in the exact same place while she was walking downstairs.  Three (3) bones in Begin's ankle also inexplicably shattered.  Begin's bone had never fully healed from the previous break two years before.  As a result of her injuries, Begin still experiences severe pain in her leg and ankle.

12.     Nexium is Defendants' largest-selling drug and the third largest-selling drug in the

3

world.  Defendants sold over $5.7 billion dollars worth of Nexium in 2005 and $5.2 billion dollars worth in 2008.  Despite knowing Nexium causes bones to deteriorate and break, Defendants marketed and sold Nexium without warning consumers of the significant risks of bone deterioration and fractures.

## VI.
## NEGLIGENCE

13.    Defendants owed various duties to Plaintiff, a foreseeable user of Defendants' product.  Defendants breached these duties and were negligent in one or more of the following ways:

   a.    in failing to use ordinary care in manufacturing a safe product for the ultimate user;

   b.    in failing to inspect, supervise and/or carry out health and safety inspections of its product;

   c.    in failing to adequately warn foreseeable ultimate users of potentially harmful side effects associated with its products;

   d.    in failing to use ordinary care in selling a safe product for the ultimate user; and

   e.    in failing to adequately advise foreseeable ultimate users on how to properly use its products.

14.    Defendants' acts and omissions proximately caused Plaintiff's injuries.

## VII.
## NEGLIGENT MISREPRESENTATION

15.    Defendants made representations to Plaintiff in the course of its business and supplied false information for the guidance of Plaintiff.  Defendants supplied false or misleading information for the specific purpose of guiding Plaintiff in the purchase and use of Nexium.

16.    Defendants failed to exercise reasonable care and competence in obtaining and

communicating the information to Plaintiff by:

    a.    Failing to use reasonable care in adequately and properly disclosing
          the harmful side effects of the Nexium sold to Plaintiff; and

    b.    Failing to use reasonable care in adequately and properly explaining
          the proper instructions and procedures for taking Nexium.

17.    Plaintiff justifiably relied on representations made by Defendants, and the negligent

misrepresentations made by Defendants proximately caused Plaintiff's damages.

## VIII.
## PRODUCT DEFECTS

18.    Defendants designed, manufactured and marketed Nexium.  This product was

defectively designed and marketed by Defendants.  The defect or defects made this

product unreasonably dangerous for its intended use.

19.    Additionally, such defect or defects existed at the time Defendants

manufactured and/or sold the product in question.  Such defect or defects were the

proximate cause of Plaintiff's injuries and damages.  Therefore, Defendants are liable to

Plaintiff under strict products liability.

## IX.
## DAMAGES

20.    Plaintiff respectfully requests the following damages to be considered separately and

individually for the purpose of determining the sum of money that will fairly and reasonably

compensate her:

    a.    The physical pain and suffering Plaintiff has suffered in the past and
          will continue to suffer in the future;

    b.    The physical disfigurement Plaintiff has suffered in the past and will
          continue to suffer in the future;

    c.    The physical impairment Plaintiff has suffered in the past and will

continue to suffer in the future;

d.     The mental anguish Plaintiff has suffered in the past and will continue to suffer in the future;

e.     The loss of opportunity Plaintiff has suffered in the past and will continue to suffer in the future;

f.     The loss of enjoyment of life Plaintiff has suffered in the past and will continue to suffer in the future;

g.     The amount of reasonable medical expenses necessarily incurred in the past, and those that will be reasonably incurred in the future; and

h.     The loss of any earnings sustained by Plaintiff in the past, and the loss or reduction of Plaintiff's earning capacity in the future.

## X.
## EXEMPLARY DAMAGES

21.     Defendants' conduct, when viewed from the standpoint of the actors at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others.  Furthermore, Defendants' conduct illustrates not only an attitude of conscious indifference for the rights, safety and welfare of others, but also shows Defendants' actual and subjective awareness of the dangers of such conduct.

22.     Nevertheless, Defendants proceeded with a conscious indifference to the rights, safety or welfare of others, including Plaintiff.  Therefore, Defendants are liable for exemplary/punitive damages.

## XI.
## DISCOVERY RULE

23.     Plaintiff suffers from the deterioration of her bones as a result of taking Nexium for seven (7) years.  Plaintiff was not aware of the effects of taking Nexium until March, 2011 when recent FDA action related to the risks of taking Nexium was released to the public.

Consequently, the discovery rule applies to this case and the statute of limitations has been tolled until the day that Plaintiff knew or in using reasonable diligence had reason to know Nexium was the cause of her fractures.

## XII.
## JURY DEMAND

24.     Plaintiff DEMANDS A TRIAL BY JURY and submits the appropriate fee.

## XIII.
## CONDITIONS PRECEDENT

25.     All conditions precedent have been performed or have occurred as required by FEDERAL RULE OF CIVIL PROCEDURE 9.

## XIV.
## PRAYER

26.     For the above reasons, Plaintiff prays she have judgment against Defendants, with interest on the judgment at the legal rate, pre-judgment interest, costs of court and for such other further relief, both in law and equity, to which Plaintiff may show herself justly entitled.

Respectfully Submitted,

**THE GIBSON LAW FIRM**

_____
Jason A. Gibson
State Bar No. 24000606
The Lyric Centre
440 Louisiana, Suite 2050
Houston, Texas 77002
Ph: (713) 650-1010
Fax: (713) 650-1011

**ATTORNEY FOR PLAINTIFF**

8