## UNITED STATES DISTRICT COURT
### FOR THE
### SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| GINNY BEGIN, | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | |
| | ) | |
| v. | ) | Civil Action No. 4:11-cv-01489 |
| | ) | |
| ASTRAZENECA, L.P. and ASTRAZENECA | ) | |
| PHARMACEUTICALS, L.P., | ) | |
| | ) | |
| *Defendants* | ) | |

## ASTRAZENECA DEFENDANTS' MOTION TO TRANSFER UNDER 28 U.S.C. § 1404

### PRELIMINARY STATEMENT

Defendants AstraZeneca L.P. and AstraZeneca Pharmaceuticals, L.P., ("AstraZeneca") submit this Memorandum of Law in support of their motion to transfer, pursuant to 28 U.S.C. § 1404. Ohio resident, Plaintiff Ginny Begin, has brought a product liability action against AstraZeneca entities organized under the laws of Delaware. With the exception of Plaintiff's attorney's residence, which is not a relevant factor in considering a motion to transfer under § 1404, this case has absolutely no connection to Texas.

The United States District Court for the Northern District of Ohio (the judicial district encompassing Toledo, Ohio, the Plaintiff's alleged place of residence) is the most appropriate forum for this action. This Court should exercise its discretion under 28 U.S.C. § 1404(a) to transfer the action so that it may justly proceed in Plaintiff's home state. The Northern District of Ohio is the appropriate forum because Plaintiff resides in that district, the alleged injury occurred in the district, and there is no indication of any jurisdictional issues in the alternate forum. Additionally, all of the public and private interest factors weigh heavily in favor of transfer:

- Plaintiff is not a resident of Texas;

- Plaintiff makes no allegations that her claimed injuries or treatment occurred in Texas;

- Defendants are not organized under the laws of or have their principal place of business in Texas;

- No relevant witnesses or documents are located in Texas;

- Travel to Ohio for dozens of depositions – including the depositions of Plaintiff, Plaintiff's fact witnesses, treating doctors and other healthcare professionals[1] – will be significantly more costly and delayed than if those depositions were taken in Ohio by Ohio attorneys;

- The documents will all be located outside this jurisdiction, including in Ohio and at AstraZeneca's headquarters and there will likely be significant cost and delay associated with obtaining documents from the third-party witnesses located in Ohio, as the parties would have to comply with Ohio's out-of-state procedures to subpoena records;

- The United States District Court for the Southern District of Texas should not be burdened by lawsuits filed by non-Texas residents who have no connection to the district; and

- This district and the citizens of this district have very little interest in resolving the claims of non-residents.

Rather, the facts giving rise to Plaintiff's claims arose in Ohio and, accordingly, convenience and the interest of justice warrant transfer of this matter. As demonstrated below,

---

[1] Plaintiff's Complaint states that she is an Ohio resident and makes no allegation that Plaintiff has ever lived in Texas or that any of the alleged events occurred in Texas.

this action has *absolutely no connection* to Texas and this Court should properly transfer this case to a forum which does have a close connection to the underlying facts, the United States District Court for the Northern District of Ohio under 28 U.S.C. § 1404.

## RELEVANT FACTS

Plaintiff filed this action on April 19, 2011. (*See* Compl. generally.)  Plaintiff, Ginny Begin, "is a resident of ***Toledo, Ohio***." (Compl. ¶ 2.) (emphasis added.)  Her Complaint states that "[f]rom 2003 until 2011, Begin, a 58 year-old woman, took Nexium every day as directed to treat her acid reflux." (Compl. ¶ 10.)  Plaintiff alleges that she has "suffered severe bone deterioration resulting in numerous fractures after taking Nexium, a drug manufactured and marketed by Defendants . . . ." (Compl. ¶ 7.)  She further claims that "[a]s a result of her injuries, [she] still experiences severe pain in her leg and ankle." (Compl. ¶ 11.)  Specifically, Plaintiff asserts several claims against Defendants including Negligence, Negligent Misrepresentation, and "Product Defects." (Compl. ¶¶ 13-19.)  She alleges damages from pain and suffering, past and future medical care, past and future loss of enjoyment, and lost earnings and earning capacity. (Compl. ¶ 20.)

The only Defendants, AstraZeneca, L.P. and AstraZeneca Pharmaceuticals, L.P., are Delaware limited partnerships with their principal places of business located in Delaware. (Compl. ¶¶ 3, 4; Corporate Disclosure Statement, Dkt. No. 7.)  While Plaintiff's *counsel* is from Texas (*see generally* Compl.), that fact is not relevant in determining the most appropriate forum.  This case has no viable connection to Texas.

## NATURE AND STAGE OF THE PROCEEDING

Plaintiff filed this case on April 19, 2011. (Dkt. No. 1.)  AstraZeneca has been served, but its answer or responsive pleading is not due until May 31. (*See* Returns of Service, Dkt. Nos. 5, 6.)

## ISSUE TO BE RULED UPON AND THE STANDARD FOR REVIEW

The relevant issue is whether this Court should grant AstraZeneca's Motion to Transfer Venue when the action might have been brought in the Northern District of Ohio and all of the public and private interest factors favor transfer to the Northern District of Ohio.

A district court may transfer any civil action to any other district where the case might have been brought, if transfer serves "the convenience of parties and witnesses . . . [and is] in the interest of justice."  28 U.S.C. § 1404(a); *see also Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (superseded by statute on other grounds).  The decision whether to transfer venue rests within the discretion of the district court.  *In re Volkswagen*, 545 F.3d 304, 312-14 (5th Cir. 2008); *Casarez v. Burlington N./Santa Fe Co.*, 193 F.3d 334, 339 (5th Cir. 1999).

## ARGUMENT

### I.    TRANSFER TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO IS APPROPRIATE.

Section 1404(a) states that "[f]or the convenience of parties and witnesses, in the interest of justice a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  Transfer under § 1404(a) prevents "the waste of 'time, energy, and money'" and protects "'litigants, witnesses and the public against unnecessary inconvenience and expense.'"  *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964), *quoting Cont'l Grain Co. v. Barge F.B.L.*, 364 U.S. 19, 26 (1960).

In determining whether to transfer a case pursuant to § 1404, the first determination is whether the case "might have been brought in the destination venue."  *In re Volkswagen of Amer., Inc.*, 545 F.3d at 312.  After making the preliminary determination, the court must balance private and public factors to determine whether "the case more conveniently could be tried in another forum."  *Id.* at 313, *citing Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507 (1974).

Unlike a *dismissal* under *forum non conveniens*, a motion to transfer under § 1404 "may be granted 'upon a lesser showing of inconvenience . . . .'" *Id.* at 314. Thus, "[w]hen the movant demonstrates that the transferee venue is clearly more convenient, however, it has shown good cause and the district court should therefore grant the transfer." *Id.* at 315.

Deciding whether to order a transfer under § 1404(a) requires a consideration of all of the relevant factors, which, in this matter, overwhelmingly favor transfer. None of the parties are located in Texas, none of the relevant events occurred in Texas, none of the alleged injuries have occurred in Texas, and none of the evidence is present in Texas. Texas does not appear to be convenient for anyone (save Plaintiff's *counsel*), especially Plaintiff herself, who resides in Ohio.

For the reasons below, AstraZeneca has demonstrated that the United States District Court for the Northern District of Ohio is clearly a more convenient forum than the Southern District of Texas. As such, this Court should grant this motion to transfer pursuant to 28 U.S.C. § 1404(a).

## II. VENUE IS PROPER IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO.

While venue may be, by definition only, proper in this District,[2] venue is not only proper, but substantially more convenient, in the Northern District of Ohio. 28 U.S.C. § 1391(a)(2) provides that an action may be brought in a district "in which a substantial part of the events or omissions giving rise to the claim occurred." Undoubtedly, Plaintiff's claims arose in Ohio where she resides and the alleged injury occurred. Venue would also be proper pursuant to 28 U.S.C. 1391(a)(1), (c) because AstraZeneca transacts business in Ohio. Thus, venue for this case is proper *and more convenient* in the Northern District of Ohio.

---

[2] This case has no connection to Texas even if venue technically is proper pursuant to 28 U.S.C. § 1391(a).

The issue is not whether AstraZeneca is subject to personal jurisdiction in this District or whether venue is proper. Rather, the issue is whether transfer would serve the convenience of the parties and the interest of justice. Undeniably, Plaintiff does not reside in this District, she does not allege that she ingested the product at issue in this District, she does not allege she was treated in this District, she does not allege that she sustained her damages here, and there appears to be no parties or witnesses residing in this District. Thus, transfer of this case to the Northern District of Ohio serves the interest of justice and convenience of the parties.

## III.   PRIVATE AND PUBLIC INTERESTS FAVOR LITIGATING PLAINTIFF'S CLAIM IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO.

Section 1404 gives courts broad discretion to transfer cases "[f]or the convenience of parties and witnesses, in the interest of justice." Courts deciding motions to transfer engage in "individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988), *quoting Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964).

The determination of "convenience" depends on the balance of private and public factors. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). The private factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id., citing Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981). The public factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.*

In a similar case from this District, *McGinnis v. Eli Lilly and Co.*, 181 F. Supp. 2d 684 (S.D. Tex. 2002), the Court found that transfer was appropriate under 1404, despite the fact that the plaintiff in that case had more of a connection to Texas than the Plaintiff in this matter, whose only connection to Texas is her attorney.  In *McGinnis*, plaintiff alleged that the defendant's pharmaceutical product caused his wife to commit suicide.  *Id.* at 686.  The Court noted that, although the plaintiff moved to Texas after his wife's death, "[t]he events immediately leading up to decedent's suicide all took place in North Carolina."  *Id.*  The defendant sought transfer to the Western District of North Carolina.  In granting the motion to transfer, the Court held that transfer was necessary "to avoid the substantial inconvenience that Defendant would suffer by litigating this matter in [Texas] rather than North Carolina."  *Id.* at 691.  The Court also observed that the plaintiff, although a resident of Texas, (unlike the Plaintiff in this case), did not reside in the Court's district and "almost all of the key witnesses in this case reside in North Carolina."  *Id.*

Similarly, based on the factors enunciated below, this case should be transferred to the Northern District of Ohio to better serve the convenience of the parties and witnesses and to further the interests of justice.  Even further, unlike the plaintiff in *McGinnis*, Plaintiff does not allege that she has ever resided in Texas.  As demonstrated below, *all* factors weigh heavily in favor of transfer.  Little, if any, deference should be given to Plaintiff's choice of forum and no deference should be given to the location of Plaintiff's counsel.  "The plaintiff's choice of venue is not a distinct factor in the § 1404(a) analysis."  *Two-Way Media LLC v. AT&T Inc.*, 636 F. Supp. 2d 527, 531 (S.D. Tex. 2009) (citations omitted); *see also In re Apple, Inc.*, 602 F.3d 909, 913 (8th Cir. 2010) (noting that any deference "is based on an assumption that the plaintiff's choice of forum will be a convenient one").  Where that assumption is not borne out – such as

here, where Plaintiff has chosen an inconvenient forum – more important factors outweigh Plaintiff's choice. Additionally, the location of plaintiff's counsel "is irrelevant and improper for consideration in determining the question of transfer of venue." *In re Horseshoe*, 337 F.3d 429, at 435 (5th Cir. 2003) (finding that the district court erred in considering the location of plaintiff's counsel when deciding a motion to transfer).

A.    **The Private Interest Factors Favor Ohio**

1.    *"The relative ease of access to sources of proof" weighs in favor of transfer.*

Transferring the case to the Northern District of Ohio will provide easier access to key sources of proof: witnesses. Plaintiff is a citizen of Ohio and she asserts claims which will require the testimony of numerous witnesses, a vast majority of whom are likely located in Ohio, including Plaintiff, her family members, fact witnesses, co-workers, employers, prescribers, primary care physicians, orthopedists, physical therapists, and rehabilitation counselors. As discussed in more detail below, without a transfer, all of the witnesses will be outside the 100-mile subpoena power of this Court.

Further, key documents, including Plaintiff's medical records and prescription records will be located in the Northern District of Ohio.[3] Indeed, Defendants are unaware of *any* documents or other sources of proof located in Texas. This factor weighs in favor of transfer.

2.    *The ability of compulsory process weighs in favor of transfer.*

As stated above, most of the witnesses will be located in Ohio. Without a transfer, Defendants will be unable to subpoena witnesses to testify for trial, because they will be outside

---

[3] Although it has generally been agreed that "advances in technology have lessened the burden of exchanging documents, the Fifth Circuit explicitly rejected the argument that such advances make this factor obsolete." *Two-Way Media*, 636 F. Supp. 2d at 532, citing *In re Volkswagen of Amer.*, 545 F.3d at 316 ("That access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments does not render this factor superfluous.")

the 100-mile subpoena power of this Court.  Defendants are unaware of *any* witnesses located in Texas.  As the U.S. Supreme Court has recognized: "to fix the place of trial at a point where litigants cannot compel personal attendance and may be forced to try their cases on deposition, is to create a condition not satisfactory to court, jury or most litigants." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 511 (1947); *Hoppe v. G.D. Searle & Co.*, 683 F. Supp. 1271, 1276 (D. Minn. 1988) ("Forcing the defendant to conduct its case by deposition, even videotape deposition, is simply unjustified" because "all . . . witnesses with knowledge of the facts surrounding [plaintiffs' use of their devices], any attended medical complication and injury" are located in other states). *See also In re Volkswagen of Amer.*, 545 F.3d at 316-17 (stating that this factor weighs in favor of transfer when the witnesses are outside the court's subpoena power).

If this matter remains in Texas, the parties will incur significant discovery costs and delay associated with obtaining documents and testimony from third-party witnesses located in Ohio.[4] The parties also will sustain significant travel costs and delays to attend numerous depositions.

Plaintiff claims that she was injured by the ingestion of an AstraZeneca medication which was prescribed by a physician.  *See* Compl. ¶¶ 15-17.  Accordingly, the live testimony of Plaintiff's physicians, orthopedists, and other health care providers will be critical at trial. Additionally, as mentioned above, Plaintiff's claim for personal injury will require testimony from witnesses such as friends, family, employers, and co-workers, all of whom will presumably be located in Ohio.  If this case proceeds in the Southern District of Texas, Defendants will not be able to compel their attendance at trial because they are located well outside this Court's subpoena power.

---

[4] The parties also will have to retain additional Ohio counsel to consult regarding its rules and local practice and comply with out of state procedures to subpoena records and witnesses.

In contrast, if this case is transferred to Ohio, this significant additional expense could be avoided, and the change of forum to Ohio would permit the bulk of discovery to be conducted in the forum where the harm is alleged and the Plaintiff and the fact witnesses reside. It would also permit compulsory attendance of the witnesses at trial.

> 3.    *Even if the witnesses all agree to voluntarily travel to Texas, the significant travel cost weighs in favor of transfer.*

Most, if not all, of the witnesses will reside in Ohio, where Plaintiff and, likely, her treating physicians reside, or Delaware, where many of AstraZeneca's company witnesses will reside. Thus, the cost of traveling to Houston will be substantial. In fact, all witnesses, except the attorneys, will incur significant travel expenses, including airfare, car rental, hotel, and meals. *See In re Volkswagen of Amer.*, 545 F.3d at 317 ("[a]dditional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment") (citation omitted). These expenses could be avoided if this case was transferred to the Northern District of Ohio.

> 4.    *The practical problems associated with this case favor transfer.*

The crux of the practical problems here is that ***none*** of the evidence – of any type – is in Texas. The overwhelming majority of the evidence related to the alleged injury will be located in Ohio. If not in Ohio, it is otherwise outside of Texas, such as at AstraZeneca's principal place of business.

The chart below illustrates how the private interest factors overwhelmingly favor Ohio as an alternative forum for Plaintiff's action:

| Southern District of Texas | Northern District of Ohio |
|---|---|
| <u>Witnesses</u><br>None | <u>Witnesses</u><br>1. Plaintiff;<br>2. Plaintiff's witnesses, including family members, regarding the nature and extent of alleged injury;<br>3. Plaintiff's prescribing physician;<br>4. Plaintiff's treating physicians and pharmacies;<br>5. Plaintiff's orthopedists;<br>6. Plaintiff's employers;<br>7. Plaintiff's coworkers;<br>8. Plaintiff's neighbors and friends;<br>9. Doctor who will perform an independent medical examination; and<br>10. Expert witness regarding medical standard of care in Ohio. |
| <u>Documents</u><br>None | <u>Documents</u><br>1. Plaintiff's medical records;<br>2. Plaintiff's pharmacy records;<br>3. Plaintiff's physical therapy and rehabilitation records; and<br>4. Plaintiff's employment records. |

## A.      The Public Interest Factors Favor Ohio

Not a single public interest factor weighs in favor of this case being tried in Texas.  As noted above, the public interest factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law."  *In re Volkswagen*, 371 F.3d at 203, *citing Piper*, 454 U.S. at 241 n.6.

### 1.      *Court congestion favors transfer.*

Another relevant factor on a motion to transfer is the calendar congestion between the transferor and transferee court. In 2010, the Southern District of Texas had an average of 573 cases per judge with a weighted filing[5] of 680. *See* The Federal Judiciary, *Judicial Caseload Profile Report, available at http://www.uscourts.gov/viewer.aspx?doc=/cgi-bin/cmsd2010Sep.pl* (last visited May 14, 2011). In comparison, the Northern District of Ohio had an average of 408 cases per judge with a weighted filing of 374. *See* The Federal Judiciary, *Judicial Caseload Profile Report, available at http://www.uscourts.gov/viewer.aspx?doc=/cgi-bin/cmsd2010Sep.pl* (last visited May 14, 2011). Proceeding in Plaintiff's home state, specifically in the Northern District of Ohio, would likely result in a more speedy and expeditious resolution of the case – furthering the goals of FED. R. CIV. P. 1 for the "just" and "speedy" determination of actions – and conserve the resources of this judicial district which has no connection to the Plaintiff or the events which gave rise to the claims. Accordingly, this factor weighs in favor of transfer.

2.   *The Northern District of Ohio has an interest in resolving the claims of its citizens.*

In this particular case involving an Ohio plaintiff, Texas has no stake in this case and no interest in the subject matter of the trial. Thus, transfer to the Northern District of Ohio is appropriate. Unlike the Southern District of Texas, however, the Northern District of Ohio has a great interest in resolving the claims of Plaintiff, a citizen of Toledo, Ohio. *See In re Volkswagen of Amer.*, 545 F.3d at 317-18 (holding that "this factor weighed heavily in favor of transfer" when the injury occurred outside the district, the plaintiff and defendant resided outside the district, and all witnesses were likely located outside the district and even though the product may be available in this district, it "does not imply that [the citizens] have an interest – that is a stake – in the resolution of th[e] controversy").

---

[5] "Weighted filings" take into account the more time-consuming cases.

Furthermore, the citizens of this district should not be required to serve on a jury when the case involves a resident of Toledo, Ohio (who resides over 1300 miles away from Houston) and there is absolutely no nexus to Texas. *See Gulf Oil Corp.*, 330 U.S. at 508-09 (stating that cases such as this "ought not to be imposed upon the people of a community, which has no relation to the litigation"). This factor also weighs heavily in favor of transfer.

      3.      *Texas law will not apply to Plaintiff's claims.*

In applying the third and fourth public factors, it is clear that Ohio law, not Texas law, will apply to this products liability case. To determine choice of law questions, Texas courts apply the "most significant relationship test." *See Gutierrez v. Collins*, 583 S.W.2d 312, 318 (Tex. 1979). The "significant relationship test" considers various factors including: "the place where the injury occurred, the place where the injury causing conduct occurred, the parties' residence, and the place where the relationship, if any, between the parties is centered." *Vasquez. Bridgestone/Firestone, Inc.*, 325 F.3d 665, 674 (5th Cir. 2005), *citing* Restatement (Second) of Conflict of Laws § 145 (1971). None of these factors weigh in favor of Texas: the alleged injury occurred in Ohio, the alleged injury causing conduct (the alleged misrepresentation or failure to warn) occurred either in Ohio or, arguably, Delaware,[6] and the parties reside in Ohio and Delaware. Indeed, by applying the "significant relationship test," it is clear that Texas law will not apply to the claim. Instead, Ohio law likely will apply as it is the location where Defendants allegedly failed to adequately warn Plaintiff and/or her physicians. *See* Compl. ¶¶ 13-17. Thus, this Court would be forced to apply the law of a foreign jurisdiction which has absolutely no connection to the State of Texas.

---

[6] Even an allegation that the injury causing conduct occurred at Defendant's principal place of business, in Delaware, would not cause the factors to weigh in favor of maintaining the case in Texas.

## CONCLUSION

For the reasons set forth above, Plaintiff's home state of Ohio is not only an appropriate forum for this action, but the analysis under § 1404 overwhelmingly compels transfer to the Northern District of Ohio. Accordingly, AstraZeneca respectfully requests that the Court grant this motion to transfer the action to the United States District Court for the Northern District of Ohio.

Respectfully submitted,

BAKER BOTTS L.L.P.

/s/ Richard L. Josephson
Richard L. Josephson
State Bar No. 11031500
Federal ID No. 04614
One Shell Plaza
910 Louisiana
Houston, Texas 77002
Telephone: (713) 229-1460
Facsimile: (713) 229-7760

ATTORNEY-IN-CHARGE FOR
ASTRAZENECA PHARMACEUTICALS LP
and ASTRAZENECA LP

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent to all known counsel of record via the Court's electronic filing system, on the 23rd day of May, 2011.

/s/ Richard L. Josephson
Richard L. Josephson